NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1443

REVOLUTION EYEWEAR, INC.

Plaintiff/Counterclaim Defendant-
Appellant,

v.

ASPEX EYEWEAR, INC. and THIERY IFERGAN,

Defendants/Counterclaimants-
Appellees,

and

MANHATTAN DESIGN STUDIO, INC., CONTOUR OPTIK, INC.,
and ASAHI OPTICAL CO. LTD.,

Counterclaimants-Appellees.

Appeal from the United States District Court for the Central District of California in case
no. 02-CV-01087, Judge Virginia A. Phillips.

ON MOTION

Before SCHALL, PROST, and MOORE, Circuit Judges.

PROST, Circuit Judge.

## O R D E R

Revolution Eyewear, Inc. moves for a stay, pending appeal, of the judgment entered by the United States District Court for the Central District of California on February 25, 2008. Aspex Eyewear, Inc. opposes.

Revolution brought a patent infringement suit against Aspex,[*] and Aspex counterclaimed for infringement of its patent for magnetic eyewear. The district court found that Revolution infringed claim 22 of Aspex's patent and entered judgment awarding $4,193,567 in damages to Aspex. Revolution appealed, and this court affirmed. Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 563 F.3d 1358 (Fed. Cir. 2009). While the appeal was pending, Revolution sought reexamination of claim 22. On May 28, 2009, the United States Patent and Trademark Office (PTO) granted Revolution's request for ex parte reexamination of claim 22. Revolution filed a motion in the district court seeking a stay of execution of the judgment pending the PTO's reexamination proceedings. The district court denied the motion, and Revolution appealed. Revolution now seeks a stay, pending appeal, of execution of the judgment.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harms factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987).

Without prejudicing the ultimate disposition of this case by the merits panel, and based upon the motions papers submitted, we determine that Revolution has not met its burden to obtain a stay, pending appeal, of the judgment.

---

[*] Revolution's infringement claims were dismissed for lack of standing.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

SEP - 1 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   R. Joseph Trojan, Esq.
      Michael Nicodema, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 1 2009

JAN HORBALY
CLERK

2009-1443               3